UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD CLAY                                CIVIL ACTION

VERSUS                                      NO: 08-1713

JONES, LANG, LASALLE                        SECTION: "J" (4)
SERVICES, INC., ET AL

**ORDER AND REASONS**

Before the Court is defendant Ramelli Janitorial Services, Inc.'s **Motion to Dismiss (Rec. Doc. 25)** . Defendants Herbert O'Donnell, Inc. (Rec. Doc. 34), Jones, Lang, Lasalle Services, Inc./Jones, Lang, Lasalle Americas, Inc., and Equastone Pan-Am, LLC (Rec. Doc. 26) have filed motions to join in the motion to dismiss.[1] These motions, which are opposed, were set for hearing on January 7, 2009 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now

---

[1] The motions filed by Herbert O'Donnell, Inc., Jones, Lang, Lasalle Services, Inc./Jones, Lang, Lasalle Americas, Inc., and Equastone Pan-Am, LLC purport to join in Ramelli Janitorial Services, Inc.'s motion for summary judgment, and adopt the arguments and legal standard set forth in the Ramelli Janitorial Services, Inc. motion (Rec. Doc. 25). However, the Ramelli Janitorial Services, Inc. motion was plainly filed as a motion to dismiss pursuant to Rule 12(b)(6).

finds, for the reasons set forth below, that the defendants' motions should be granted.

## Background Facts

This case stems from an injury to the plaintiff when he fell while inside a garbage dumpster on July 2, 2007. At the time of plaintiff's injury the dumpster was located in bay 3 at the Pan-Am building at 601 Poydras Street in New Orleans. The dumpster had been leased by Crescent Environmental Services ("CES") to Herbert O'Donnell, Inc. ("Herbert"). Herbert had leased the dumpster for use in disposing of construction debris in connection with construction work that Herbert was completing in the Pam-Am building. Plaintiff was an employee of CES and was sent to the building on July 2, 2007 to pick up the dumpster and haul it away to be emptied. The plaintiff claims that when he arrived at the dumpster he noticed that it is was filled past the "fill line" and contained both construction debris and normal garbage. Pl.'s Mem. in Oppo., Rec. D. 36. The fill line is a marking on the dumpster that indicates how much debris and garbage should be placed in the dumpster. When the plaintiff arrived at the building he was not able to put a tarp over the dumpster because of the amount of debris and garbage. The tarp had to be secured on the dumpster before it could be moved by the plaintiff. As a result, the plaintiff climbed into the dumpster

and attempted to "offload and crush" enough debris so that the tarp could be secured.  Id.  While inside the dumpster the plaintiff injured himself.

This suit was filed in state court on April 7, 2007 naming Jones, Lang, Lasalle Services, Inc./Jones, Lang, Lasalle Americas, Inc. ("Jones") in their capacity as the operators and managers of the building located at 601 Poydras Street and Equastone Pan-Am LLC ("Equastone") in its capacity as the owner of the building.  Subsequently, the case was removed to this Court.  An amended complaint named Ramelli Janitorial Services, Inc. ("Ramelli") and Herbert as defendants.  Ramelli provided janitorial services for the building at the time of plaintiff's injury.

## The Parties' Arguments

Ramelli filed the original motion to dismiss in this case and all of the other defendants have joined in that motion to argue that no defendant in this case owed a duty to the plaintiff and that if any duty was owed to the plaintiff that duty does not encompass the risk encountered by the plaintiff.  The defendants argue that under Louisiana's five-element duty/risk analysis none of them owed the plaintiff a duty to prevent his injuries.  The defendants contend that no court has ever imposed a duty in similar circumstances and that there are no policy reasons that

support the creation of a duty now. They maintain that the fill line on the dumpster does not create a duty. Instead they contend that the fill line is only informational and described the dumpster's capacity. Furthermore, the defendants all argue that even if there is a duty created by the fill line the scope of that duty does not extend so far as to protect a plaintiff who voluntarily gets into a dumpster and walks and jumps on the debris contained in the dumpster in an attempt to offload and crush the garbage. As such, the defendants argue that even if the plaintiff's complaint alleges a duty, that duty does not include protecting the plaintiff from these injuries sustained in this manner. The type of harm that occurred to the plaintiff and the manner in which it happened was not foreseeable to any of the defendants. Any duty owed by the defendants, if there even was one, was not intended to protect a plaintiff from an injury occurring in this manner.

In addition to the arguments above, Herbert contends in its motion that the purpose of the fill line is to prevent the dumpster from overflowing and that it is not to prevent injury to a person who gets into the dumpster and walks or jumps on the debris and garbage. Herbert also admits that it rented the dumpster, but did not authorize anyone else to use the dumpster. Herbert asserts that it is not reasonable for it to have to protect the plaintiff from his own actions. Similarly, in

addition to the main arguments, Jones and Equastone argue that they cannot be liable for the plaintiff's injuries. Equastone is the building owner and had no custody or control of the dumpster. Jones is only the manager of the building. Any duty that could possibly be ascribed to either defendant would not include protecting the plaintiff from injury when he gets into the dumpster.

The plaintiff has filed a similar opposition to each of the defendants' motions. The plaintiff simply argues that the complaint he filed alleges that each defendant had a duty not to fill the dumpster past the fill line. Filling the dumpster past this line, such that the tarp could not be put on the dumpster, was a breach of this duty. The plaintiff also argues that the scope of protection of this duty not to over fill the dumpster extends to the manner in which the plaintiff was injured in this case. In support of these two propositions the plaintiff simply recites the portions of his complaint and amended complaint that relate to each defendant.

Ramelli filed a short reply memorandum to note the plaintiff's lack of citation to authority and to argue that the Court must make a policy decision as to whether Ramelli owed a duty not to fill the dumpster past the fill line.

**Discussion**

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiff has stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiff is entitled to relief. The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

The plaintiff has brought this case alleging state law negligence-based claims against each defendant. Specifically, the plaintiff alleges that each defendant had a duty not to fill the dumpster past the fill line, that this duty was breached when the dumpster was overfilled, and that as a result each defendant is liable for the plaintiff's injuries. Louisiana courts use a duty/risk analysis to analyze negligence claims such as this. <u>See</u> <u>Mathieu v. Imperial Toy Corp.</u>, 646 So. 2d 318, 321-22 (La. 1994). In order for a defendant to be liable, the plaintiff must prove each of these five elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform its conduct to the appropriate

standard; (3) the defendant's substandard conduct was the cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.  Id.  The defendants, in their motions to dismiss, argue that even taking the plaintiff's allegations as true, the plaintiff cannot prove the first element, that a duty existed to conform to a certain standard of care, or the fourth element, that any defendants' substandard conduct was a legal cause of the plaintiff's injuries.

The fourth element of the duty/risk analysis pertains to the scope of liability or scope of protection.  See Brown v. Trask, 998 So. 2d 131, 134-135 (La. App. 4th Cir. 2008).  This is a determination of whether the plaintiff's injuries fall within the contemplation of the defendants' alleged duties.  Roberts v. Benoit, 605 So. 2d 1032, 1044 (La. 1991).  "The essence of the legal cause inquiry is whether the risk and harm encountered by the plaintiff falls within the scope of protection of the duty." State Farm Mut. Auto. Ins. Co. v. LeRouge, 995 So. 2d 1262, 1275 (La. App. 4th Cir. 2008).  Put another way, this element asks "whether the enunciated rule or principle of law extends to or is intended to protect *this plaintiff* from *this type of harm* arising in *this manner*."  Roberts, 605 So. 2d at 1044 (citation omitted)(emphasis in original).  The determination of the scope of the duty is "ultimately a question of policy as to whether the

7

particular risk falls within the scope of the duty." Id. at 1045 (citing Edwards v. State, 556 So. 2d 644, 648-49 (La. App. 2d Cir. 1990)). The Louisiana Supreme Court has instructed that in determining the scope of a duty courts should consider "how easily the risk of injury to plaintiff can be associated with the duty sought to be enforced." Id. This ease of association inquiry includes a consideration of foreseeability, but is not solely based on whether the harm was foreseeable. Id.

Assuming, arguendo, that each defendant in this case had a duty to not fill the dumpster past the fill line as alleged in the complaint by the plaintiff, a proposition that itself is questionable, it is impossible to conclude that such a duty on the part of any defendant extends to protect this plaintiff from being injured when he decided to enter the dumpster and offload or crush the debris contained therein. The plaintiff's allegations in the complaint regarding the scope of the alleged duty are the same for each defendant. The plaintiff has alleged that because the dumpster was filled past the fill line and the tarp could not be secured, he was required to climb into the dumpster to offload and crush the trash. See Compl., Rec. D. 1; Amended Compl., Rec. D. 13. The plaintiff further alleges that he was injured because of the "unsteady nature of the debris he was offloading and crushing" and that each defendant had placed debris in the dumpster above the fill line. Compl., Rec. D. 1.

8

Based on the plaintiff's allegations he seeks to extend the alleged duty of the defendants such that they should have protected him from being injured while walking on and crushing debris inside the dumpster.  The scope of any alleged duty not to overfill the dumpster cannot extend so far as to protect the plaintiff from (1) his own decision to get into the dumpster and (2) his being injured from walking on and crushing debris.  There is simply no ease of association between a supposed duty not to put trash above a fill line and injuries from a person walking on and trying to crush the trash inside the dumpster.  As the defendants correctly contend, it may be that had garbage fallen out of an overfilled dumpster or had too much garbage caused the overfilled dumpster to topple over causing injury, then there might be an ease of association between a duty not to overfill the dumpster and the resulting injury.  However, based on the facts as pleaded by the plaintiff the connection between overfilling the dumpster and the injury of a person walking on and crushing garbage inside the dumpster is simply too attenuated.  Furthermore, although foreseeability is not the sole determining factor in the scope of protection analysis, it is clear that given the facts of this case it would not be foreseeable to any defendant that an individual would get into an overfilled dumpster and attempt to walk on and crush garbage.  A dumpster containing trash and debris, whether overfilled or not,

is an inherently unstable and hazardous place to attempt to walk or crush garbage.  It simply is not foreseeable that anyone would get into such a dumpster and attempt to crush its contents.  This is especially so since the offloading or crushing of garbage in an overfilled dumpster could easily be done without a person physically getting into a dumpster.

Based on the facts as stated by the plaintiff in his complaint and amended complaint the Court concludes that even assuming that the defendants each owed a duty not to overfill the dumpster such a duty cannot extend to protect the plaintiff from these particular injuries arising in this specific manner. Accordingly,

**IT IS ORDERED** that defendant Ramelli Janitorial Services, Inc.'s **Motion to Dismiss (Rec. Doc. 25)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that defendants Jones, Lang, Lasalle Services, Inc./Jones, Lang, Lasalle Americas, Inc., and Equastone Pan-Am, LLC's **Motion to Join Motion for Summary Judgment Filed by Ramelli Janitorial Services, Inc. (Rec. Doc. 26)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that defendant Herbert O'Donnell, Inc.'s **Motion to Join Motion for Summary Judgment Filed by Ramelli Janitorial Services, Inc. (Rec. Doc. 34)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's claims against all

defendants are dismissed with prejudice at plaintiff's cost.

New Orleans, Louisiana, this 16th day of April, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE